IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTICT OF GEORGIA

CHARLES CLIFTON HEMMINGS,     :
                              :

     Plaintiff,          : CIVIL ACTION
                              :

vs.                          : FILE NO: **1:17-cv-1331-TWT**
                              :

CAMPING TIME RV CENTERS, LLC,   :
d/b/a  CAMPING WORLD RV SALES,   :
KEYSTONE RV COMPANY, and     :
BANK OF AMERICA,           :
                              :

     Defendants.         :

## **PLAINTIFF'S REPONSE TO CAMPING TIME AND BANK OF AMERICAN N.A. MOTION TO DISMISS**

Now comes Plaintiff in the above styled case and responds to the Motion for

Dismiss filed by Defendants as follows:

Plaintiff is not making any claims under the FTC Anti Holder Rule against

any defendant other than Bank of America. Plaintiff agrees his claims against Bank

of America are derivative claims under 16 C.F.R. § 433.2(b). Bennett v. D. L.

Claborn Buick, 202 Ga. App. 308 (1991)(" This language follows the mandates of

state and federal law. See OCGA § 10-1-394; Rules & Regulations of the State of

Georgia § 122-5-01; 16 C.F.R. § 433.2 (1991). Therefore, we conclude that any

claim appellant may have against Claborn can properly be asserted against

GMAC."); See Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 709 (11th

Cir. 1998)(Holder Notice gives consumer right to withhold payments if the vehicle is a lemon.)

Plaintiff is not making any claim for punitive or exemplary damages as against Camping Time. However, should Bank of America NA refuse to honor the FTC Anti Holder Clause contract language, it may be liable for punitive or exemplary damages for violation of the FTC Act or for violation of the Georgia Fair Business Practices Act. Jaramillo v. Gonzales, 50 P.3d 554, (N.M Ct App. 2002).

## STANDARD OF REVIEW

[T]he Supreme Court has stated that the accepted rule for appraising the sufficiency of a complaint is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Tiftarea Shopper, Inc. v. Georgia Shopper, Inc., 786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting Conley).  On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010)

2

# I.     PLAINTIFF HAS STATED A VALID CLAIM FOR REVOCATION OF ACCEPTANCE AGAINST CAMPING TIME[1]

O.C.G.A. §11-2-608 provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Defendant's don't argue that plaintiff has not stated a claim factually for revocation based on defect substantially impairing the value of the camper to them.  Defendants argue instead that they have excluded the Uniform Commercial Code remedy of revocation of acceptance. Plaintiff has not located a Georgia case where the remedy

---

[1] Plaintiffs are not making a revocation claim against Keystone as stated in Plaintiffs' response to Keystone Motion to Dismiss.

of revocation of acceptance has been specifically excluded.  There are cases dealing with repair or replace only limitations discussed below.

### i.  Plaintiff has shown sufficient facts to create a factual question on defects substantially impairing the value of the coach to them.

Plaintiff has demonstrated in his complaint that the camper has defects which substantially impair the value of the camper to him. The primary defect is admitted by the manufacturer-the unit was not designed for deep south sale as it will not cool. )(Complaint paragraph 28) The question is whether the non-conformity is such as will cause a substantial impairment of value to the buyer. Official Comment 2 to 2-608.  OCGA § 11-2-106 (2) provides: "Goods or conduct including any part of a performance are `conforming' or conform to the contract when they are in accordance with the obligations under the contract." "Nonconformity cannot be viewed as a question of the quantity and quality of goods alone, but of the performance of the **totality** of the seller's contractual undertaking. The concept of nonconformity `includes not only breaches of warranties **but also any failure of the seller to perform according** to his obligations under the contract. <u>Esquire Mobile Homes v. Arrendale</u>, 182 Ga. App. 528,  356 S.E.2d 250 (1987).

It is hard to imagine a clearer case of a non conformity substantially impairing the value of a camper to the consumer than one that makes a living space unusable

and uncooled.  Viewing the alleged facts in a light most favorable to the Plaintiff, a reasonable jury could rely on the Plaintiff's descriptions of the trailer's no AC issue (complaint ¶ 6) , as well as the numerous repair attempt and observations by the various mechanics and technicians who have worked on the trailer, the time and expense expended by Keystone and Camping Time in making unsuccessful repairs, **together with the admissions by both Keystone and Camping Time that there is an AC air flow issue and the camper is not designed for use in the south** (Complaint ¶¶ 9, 10. 28), to conclude that a cooling system defect persists.  These issues are multiplied by the failure of the trailer to be repairs after 100s of days. (Complaint ¶ 7)  Issues of whether goods have defects substantially impairing their value are ordinarily matters for determination by a trier of fact. Hightower v. Gen. Motors Corp., 175 Ga.App. at 114(2), 332 S.E.2d 336 (jury issue presented where it took 115 days to complete repairs after the rear axle became dislodged and pierced car's rear compartment); McDonald v. Mazda Motors of America, Inc., 269 Ga. App. 62 (2004); Hub Motor Co. v. Zurawski, 157 Ga. App. 850 (1981); Stephens v. Crittenden Tractor Co., 370 S.E.2d 757 (Ga. Ct. App. 1988) (failure to repair major parts under repair warranty within a reasonable time would be a nonconformity justifying revocation); Jacobs v. Metro Chrysler-Plymouth, Inc., 188 S.E.2d 250 (Ga. Ct. App. 1972) (when car caught on fire after repairs by dealer, dealer refused

to repair); <u>Griffith v.Stovall Tire &c. Inc.</u>, 174 Ga. App. 137, 139 (329 S.E.2d 234)(1985) (whether revocation of acceptance accomplished under OCGA§ 11-2-608 is ordinarily a factual question)

### ii. Camping Time's attempted limitation of remedies does not apply to failure to repair/comply with warranties

Camping Time attempted limitation of remedies states it shall CONSTITUTE BUYER(S)' EXCLUSIVE AND SOLE REMEDY FOR ANY **PROBLEMS OR DEFECTS THE UNIT MIGHT CONTAIN.** In this case, yes the unit contains defects, but plaintiff is also complaining about the failure or refusal to repair the defect. Much like the dealer in <u>Freeman v. Hubco Leasing</u>, 253 Ga. 698 (1985) where the dealer never disclaimed responsibility for making repairs covered by the manufacturer's warranty, this limitation also fails to limit remedies for failure to honor the repair warranty. In other words, "[n]onconformity cannot be viewed as a question of the quantity and quality of goods alone, but of the performance of the **totality** of the seller's contractual undertaking. The concept of nonconformity `includes not only breaches of warranties **but also any failure of the seller to perform according** to his obligations under the contract. <u>Esquire Mobile Homes v. Arrendale</u>, 182 Ga. App. 528,  356 S.E.2d 250 (1987).  Thus, the exclusion of remedy, when read in light most favorable to the consumer, must be

read to only limit those specifically limited items-here defects in the unit itself, not in the failure to honor the warranty and repair. The revocation of acceptance remedy for failure to repair under warranty separate and apart from the defects in the camper is not excluded.

### iii. The Repair or Replace warranty fails of its essential purpose so revocation must be available

Whether a contract's "repair or replace" remedy fails of its essential purpose is a question to be decided by the jury.[2]  The buyer's UCC remedies, including damages for breach of warranty, rejection, and revocation, are resurrected where a determination is made that the limited remedy fails of its essential purpose.[3]

Georgia case law allows a revocation where a warranty contains an agreement to repair or replace and there is a refusal to remedy within a reasonable time, or a

---

[2] Roneker v. Kenworth Truck Co., 944 F. Supp. 179 (W.D.N.Y. 1996); Golden Reward Mining Co. v. Jervis B. Webb Co., 772 F. Supp. 1118 (D.S.D. 1991); McKernan v. United Technologies Corp., 717 F. Supp. 60 (D. Conn. 1989); Cooley v. Big Horn Harvestore Sys., Inc., 813 P.2d 736 (Colo. 1991); Laidlaw Transp., Inc. v. Helena Chem. Co., 680 N.Y.S.2d 365 (N.Y. App. Div. 1998); Johnson v. John Deere Co., 306 N.W.2d 231 (S.D. 1981).

[3] Razor v. Hyundai Motor Am., 854 N.E.2d 607, 626 (Ill. 2006) (stating that where a limited remedy fails of its essential purpose, a buyer is able to pursue other remedies afforded by the UCC); Young v. Hessel Tractor & Equip. Co., 782 P.2d 164, 167 (Or. Ct. App. 1989) (stating that a limited remedy fails of its essential purpose when a seller is unable or unwilling to repair defects and thus deprives the buyer of the substantial value of the bargain); Murray v. Holiday Rambler, Inc., 265 N.W.2d 513, 521 (Wis. 1978).

lack of success in the attempts to remedy to be a nonconformity substantially impairing the value of the goods to the plaintiffs.[4]  O.C.G.A.§11-2-106 (2); <u>Jacobs v. Metro Chrysler Plymouth</u>, 125 Ga. App. 462, 467 (1972). *See generally* <u>Esquire Mobile Homes v. Arrendale</u>, 182 Ga. App. 528-529 (1) (356 S.E.2d 250) (1987). O.C.G.A. § 11-2-608 refers to the "seller"; the definition of "seller" in  O.C.G.A.11-1-103(1)(d), "one who sells or contracts to sell goods."  At least one seller here is Camping Time.  Revocation of acceptance under OCGA § 11-2-608 "is an available remedy even where the seller has attempted to limit its warranties."  <u>Hub Motor Co. v. Zurawski</u>, 157 Ga.App. 850, 851, 278 S.E.2d 689 (1981). Similarly, in <u>Advanced Computer Sales, Inc. v. Sizemore</u>, the court permitted a buyer to revoke its acceptance of goods when a limited remedy failed of its essential purpose notwithstanding an explicit disclaimer of warranties.[5] See Warren, *The Effect of Warranty Disclaimers on Revocation of Acceptance Under the Uniform Commercial Code*, 37 Ala. Law Rev. 307 (1986).   Plaintiff is entitled to revoke as against Camping Time.

---

[4] Defendant acknowledges this principal in its brief at page 10.
[5] 366 S.E.2d 303, 305 (Ga. Ct. App. 1988). *Accord* <u>Roberts v. Morgensen Motors</u>, 659 P.2d 1307, 1312 (Ariz. Ct. App. 1982) (stating that "when the limited remedy of repair and replacement fails of its essential purpose, the buyer may justifiably revoke his acceptance" even if the seller disclaimed warranties).

In this case, plaintiff has gone beyond the argument made in Watkins v. Camping World.[6] In Watkins, the consumer claimed that the heating system in the camper was defective and that the dealer and manufacturer could not remedy the defect. The Watkins sought revocation of acceptance against the dealer despite a limitation of remedy clause that read:

**LIMITATION OF DAMAGES**. . . . THE FOLLOWING LIMITATION OF DAMAGES SHALL APPLY IF ANY WARRANTY FAILS BECAUSE OF ATTEMPTS AT REPAIR ARE NOT COMPLETED WITHIN A REASONABLE TIME, OR ANY REASON ATTRIBUTED TO THE MANUFACTURER, INCLUDING MANUFACTURERS WHO HAVE GONE OUT OF BUSINESS. BUYER AGREES THAT IF BUYER IS ENTITLED TO ANY DAMAGES AGAINST DEALER, BUYER DAMAGES ARE LIMITED TO THE LESSER OF EITHER THE COST OF NEEDED REPAIRS OR REDUCTION IN THE MARKET VALUE OF THE UNIT CAUSED BY THE LACK OF REPAIRS. BUYER ALSO AGREES THAT ONCE BUYER HAS ACCEPTED THE UNIT, EVEN THOUGH THE MANUFACTURER(S)' WARRANTY DOES NOT ACCOMPLISH ITS PURPOSE, THAT BUYER CANNOT RETURN THE UNIT TO DEALER AND SEEK A REFUND FOR ANY REASON.

The Court found that the plaintiffs there had not properly argued that the dealer limitation of remedies failed of its essential purpose.

As Plaintiffs argue, revocation of acceptance may be an available remedy under the Uniform Commercial Code even where the seller has attempted to limit the buyer's remedies, "where the exclusion or limitation of remedy fails of its essential purpose . . . ." Jacobs v. Metro Chrysler-Plymouth, Inc., et al., 188 S.E.2d 250, 253-54 (Ga. Ct. App. 1972). Plaintiffs argue that Thor's limited remedy of repair or replacement fails of its essential purpose, but they do not argue that the limited remedy offered by Camping Time—the lesser of the cost of needed repairs or reduction in market value of the coach caused by the lack of repairs—fails of its essential purpose. Therefore, if Plaintiffs are entitled to a remedy against Camping Time, that remedy is limited to the foregoing.

---

[6] Watkins v. Camping World, Inc., ND Ga (2012) Civil Action No. 1:12-CV-01465-RWS

Id at page 19.  In this case, Camping Time attempts to exclude **ALL** remedies. It attempts to say we sold it and we are done. This is not such a remedy as allowed by the Uniform Commercial Code. There must be some modicum of relief. Camping Time's argument is the very reason for the provision regarding failure of remedies. In Watkins, the dealer allowed at least some remedy. This plaintiff argues that the exclusion of ALL remedies render the remedy meaningless. The Uniform Commercial Code therefore implies into the contract the remedies as allowed by the Code.

> As one court so eloquently put it:

> There comes a time when enough is enough--when an automobile purchaser, after having to take his car into the shop for repairs an inordinate number of times and experiencing all of the attendant inconvenience, is entitled to say, "That's all," and revoke, notwithstanding the seller's repeated good faith efforts to fix the car.

> (emphasis added)

Rester v Morrow, 491 So2d 204, 1 UCC Rep 751, 759 (Miss. 1986). Rose v. Colorado Factory Homes, 10 P.3d 680 (Colo. App., 2000)(" Even if the provision can be read to exclude the remedy of revocation of acceptance, it would be unenforceable under the circumstances here. When a limitation of remedies that

would exclude revocation of acceptance fails of its essential purpose, the buyer is entitled to employ the remedy of revocation of acceptance. When the seller cannot cure the defects by repeated attempts to repair, a limitation of remedy to repair fails of its essential purpose and the buyer is then free to revoke acceptance of the goods.") *Accord*, Durfee v Baxter Imports, 262 NW2d 349, 98 ALR3d 1179, 1180 (Minn 1977) (where repairs not successfully undertaken within a reasonable time, buyer deprived of benefits of the exclusive remedy); Ford Motor Co v Taylor, 60 Tenn App 271, 446 SW2d 521, certiorari denied (1969) (commendable efforts and considerable expense alone do not relieve a seller of obligation to repair). The seller's failure to repair a major defect or several minor ones under a repair or replace warranty may itself be a nonconformity entitling a buyer to revoke acceptance; Cimino v. Fleetwood Enterprises, Inc., 542 F. Supp.2d 869, 887 (N.D.Ind. 2008)(" there is at least a genuine issue of material fact as to whether . . . [the defendant's] exclusive remedy of repair and replacement of defective parts or components fails of its essential purpose such that the . . . [plaintiffs] may seek other remedies.")

An Alabama state court so held in Page v. Dobbs Mobile Bay, Inc., 599 So. 2d 38, 42 (Ala. Civ. App. 1992).  An automobile dealer, who sold a vehicle to a buyer, disclaimed all warranties. The buyers received a limited express warranty from the manufacturer that was coupled with a limitation of remedies provisions. The court

11

first found that the dealer's disclaimer of all warranties was effective. Notwithstanding the dealer's disclaimer of all warranties, the court held the buyer was entitled to revoke as against the retailer, in part, because the limited remedy had failed of its essential purpose. Id. at 42.

### iv. Limiting Plaintiffs' Claims to Only Those Against the Manufacturer Would Be Unconscionable

A further restriction on any limitation of remedy clause is that it must not be unconscionable. O.C.G.A. §11-2-302 allows a court to refuse to enforce any clause of a contract that it finds to have been unconscionable at the time it was made. This general rule is applicable to remedy limitation clauses, as is made clear by comment 1 to U.C.C. § 2-719, which states: "Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed." The comment also states that sellers must provide buyers with "at least minimum adequate remedies" and "at least a fair quantum of remedy for breach" of a warranty arising in the transaction.[7] This is a "legal consequence" that a seller who "conclude[s]a contract

---

[7] See also Freeman v. Hubco Leasing, Inc., 324 S.E.2d 462 (Ga. 1985) (lease clause that barred all remedies and avoided all damages was unconscionable); Intrastate Piping & Controls, Inc. v. Robert-James Sales, Inc., 39 U.C.C. Rep.

for sale within" U.C.C. Article 2 "must accept."  Defendant Camping Time's true

intent is belied by this clause in its attempted disclaimer: SHALL APPLY UNDER

ALL CIRCUMSTANCES, EVEN IF BUYER(S)' AVAILABLE REMEDIES

FAIL OF THEIR ESSENTIAL PURPOSE. Camping Time just wants to make a

profit on the sale of the trailer and have absolutely no responsibility to plaintiffs

thereafter, irrespective of the condition or operability of the trailer.

Unconscionability has both a procedural and a substantive aspect. Procedural

unconscionability addresses the process of making the contract, while substantive

unconscionability looks to the contractual terms themselves.[8]

---

Serv. 2d 347 (Ill. Cir. Ct. 1999) (focus for courts in determining substantive unconscionability is whether the contracting party is afforded reasonable protection against a breach; finding limitation not unconscionable in this commercial case); Adams v. Am. Cyanamid Co., 498 N.W.2d 577 (Neb. Ct. App. 1992) (unconscionable to leave buyer without any substantial recourse for loss); Durham v. Ciba-Geigy Corp., 315 N.W.2d 696 (S.D. 1982) (disclaimer in herbicide label is unconscionable because it would leave user with no substantial recourse for loss; later legislative and judicial developments are analyzed in Braun v. E.I. du Pont de Nemours & Co., 58 U.C.C. Rep. Serv. 2d 868 (D.S.D. 2006)). *See generally* Edward Samuels, The Unconscionability of Excluding Consequential Damages Under the Uniform Commercial Code When No Other Meaningful Remedy is Available, 43 U. Pitt. L. Rev. 197 (1981)

[8] Mullis v. Speight Seed Farms, Inc., 505 S.E.2d 818 (Ga. Ct. App. 1998) (buyer placed order over telephone without discussion of remedy limitation, which arrived with product)

Defendant Camping Time argues that it is allowed to limit plaintiff's remedies solely to those provided for under Keystone's warranty. However, Keystone's warranty has proven ineffective and Keystone cannot repair the acknowledged defect in this case even after delivery to its factory. Plaintiff is left in a position much like the consumer in <u>McDonald v. Mazda</u> where the court noted:

> Obviously, if there is no repair remedy for a defect, then there will be a breach of warranty, because the product is not merchantable with an unrepairable defect. The trial court misconstrued the evidence and the law. On November 3, 2001, McDonald took the vehicle for repair; the vehicle was kept to make repairs for three and one-half weeks without repair or attempt to repair; and the vehicle was returned with the notation "Mazda is aware of concern. . . no repair available at this time." After what a jury may find to be an unreasonable time to make repairs, the vehicle was returned unrepaired; this raises a jury question whether there was a failure to make repairs or a refusal to make repairs by Mazda, which could be found to constitute a breach of the express.

269 Ga. App. at 64. The Alabama Law Review Article sums it up thusly:

> The total mix forming the basis of the bargain between Dealer and Buyer includes the protection afforded by an express limited warranty

given by the Manufacturer and passed on by the Dealer.  When that warranty is breached, Buyer may pursue the limited repair and replacement remedy tied to that warranty. When this remedy against the Manufacturer fails of its essential purpose under section 2-719, Buyer scrutinizes the sales contract for any other remedy and finds none available against Manufacturer and Dealer. This total failure of remedy should serve to **revive all remedies available under the UCC against both Dealer and Manufacturer.**

37 Ala. Law Rev. at 327.  In <u>Esquire</u>, the Court found the warranty failed of its essential purpose where the seller was unable to effect repairs. The Court stated:

The parties to a contract subject to the UCC may provide for remedies in substitution of those provided by the UCC, and may limit the measure of damages.... OCGA § 11-2-719 (1) (a).  However, '(w)here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.'  OCGA § 11-2-719 (2).  The Official Comment to this section states:  '(I)t is of the very essence of a sales contract that at least minimum adequate remedies be available.  If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that

there be at least a fair quantum of remedy for breach of the obligations

or duties outlined in the contract.  Thus any clause purporting to modify

or limit the remedial provisions of this Article in an unconscionable

manner is subject to deletion and in that event the remedies made

available by this Article are applicable as if the stricken clause had

never existed.  Similarly, under subsection (2), where an apparently fair

and reasonable clause because of circumstances fails in its purpose or

operates to deprive either party of the substantial value of the bargain,

it must give way to the general remedy provisions of this Article.

(emphasis removed; citations omitted)

182 Ga. App at 529. In the instant case, the remedies to which the seller intends to limit plaintiff are meaningless and ineffectual. The defect in this trailer cannot be repaired, the manufacturer has not repaired it, and in fact, the dealer was in dispute with the manufacturer about how it could be repaired. (Complaint ¶¶ 8, 11, 13b) Here, the parties all, but plaintiff particularly, could not have anticipated that the trailer would have a cooling defect which could not be repaired, and that the trailer would be out of service to plaintiffs for hundreds of days.  What good does it do for there to be a repair or replace warranty when the warranty does not repair or replace the defect?

16

## II.   CAMPING TIME MAY NOT AND DID NOT EXCLUDE EXPRESS WARRANTY CLAIMS

Camping Time relies on an attempted exclusion of warranties on the buyer's order.  Plaintiffs were provided an express written warranty in writing by Defendant Camping Time. The Buyer's Order provided by Defendant shows that the dealer delivered the warranty to Plaintiffs. (Exhibit 1 to CT Motion to Dismiss.) Plaintiff is instructed to take the trailer to Camping Time for repairs by the Keystone Warranty. (Exhibit 2 to Camping Time Motion to Dismiss)  The Magnuson Moss Act allows consumer remedies based on a violation by a supplier or warrantor.  Camping Time is a supplier as it is engaged in the business of making a consumer product available to consumers. 15 U.S.C. § 2301(4). Camping Time is also a warrantor as it is a supplier and it gave a written warranty. 15 U.S.C. § 2301(5).  Plaintiffs are in fact instructed they may take the coach to the dealer that sold it to them in order to have defects repaired.

Camping Time not only delivered the warranty, it assumed performance of the manufacturer's warranty by making repairs thereunder. Keystone's warranty directs the Plaintiffs to take the trailer to the dealer for service. Exhibit 2 to Camping Time RV Motion to Dismiss, page 10.  A seller who purportedly disclaims all warranties but who subsequently assumes performance of the manufacturer's

17

warranty is deemed to have adopted it and is therefore a warrantor. Hyler v. Garner, 548 N.W.2d 864 (Iowa 1996); see also Henderson v. Benson-Hartman Mortors, Inc., 33 Pa. D & C 3d 6, 41 U.C.C. Rep. 782 (Alleghany Cty. 1983)(dealer who transmits manufacturer's warranty to lessee is a supplier prohibited from disclaiming implied warranties under 2308(a)). Here, Camping Time made numerous attempts to repair.

The similarities between this case and the Freeman v. Hubco Leasing, 253 Ga. 698 (1985) case are striking.  In both cases the manufacturer provided a warranty on an automobile.  In both cases the dealer attempted to disclaim warranties.  In both cases, the dealer was obligated to make repairs under the terms of the manufacturer warranty it delivered to the consumer.  In both cases the attempted repairs were unsuccessful or refused.  Using language much like that cited above from the Alabama Law Review Article, the court stated:

> The defendants' reliance upon their disclaimers of warranty is misplaced.  The dealer never disclaimed responsibility for making repairs covered by the manufacturer's warranty, which responsibility is the basis of our holding above.  Kure v. Chevrolet Motor Division, 581 P.2d 603 (Wyo.1978), relied upon by the defendants, is inapplicable here because in that case, on appeal, the purchaser did not contend that the selling dealer was liable to the purchaser.

The Court then turned to the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act, and found a [motor vehicle] is a "consumer product" as defined in the act.  15 U.S.C.A. § 2301(1). [The Plaintiff are] a "consumer," 15 U.S.C.A. §

18

2301(3), and [Camping Time is a "supplier."] 15 U.S.C.A.§ 2301(4). Since the act utilizes a broad definition of "written warranty" which would include not only the manufacturer's warranty given here,   15 U.S.C.A. § 2301(6)(A), but also "any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product under, 15 U.S.C.A. § 2301(6)(B), the court found that the dealer, by agreeing to repair manufacturer's defects, made a "written warranty" within the meaning of the act.  Hence, Camping Time may not disclaim or modify any express warranty. Freeman, supra, page 700.

## III.   CAMPING   TIME   MAY   NOT   EXCLUDE   IMPLIED WARRANTIES

Suppliers are prohibited from disclaiming implied warranties when they give a written warranty on the product. 15 U.S.C. 2308 (a).  Where the warrantor makes "any written warranty" (i.e., whether "full" or "limited"), the warrantor is prohibited from disclaiming or modifying "any implied warranty." 15 U.S.C. § 2308(a). The Act puts some teeth into this restriction by providing that "[a] disclaimer,

19

modification or limitation made in violation of this section shall be ineffective for purposes of this title [15 USC § 2304(a)] and State law." Id., § 2308(c) [emphasis added]. Freeman v. Hubco Leasing, 253 Ga. 698 (1985) cited 15 U.S.C.A. § 2308(a) that "No supplier may disclaim or modify ... any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect  to such consumer product...."  15 U.S.C.A. § 2308(c) provides further that disclaimers and limitations made in violation of that section are ineffective for purposes of the act and state law.

As the Court described in Freeman v. Hubco Leasing, Inc., suppliers are prohibited from disclaiming implied warranties when they give a written warranty on the product. 15 U.S.C. 2308 (a).  Since the act utilizes a broad definition of "written warranty" which would include not only the manufacturer's warranty given here,  15 U.S.C.A. § 2301(6)(A), but also "any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product under, 15 U.S.C.A. § 2301(6)(B), the court found that the dealer, by

agreeing to repair manufacturer's defects, made a "written warranty" within the meaning of the act.  The court than cited 15 U.S.C.A. § 2308(a) that "No supplier may disclaim or modify ... any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect  to such consumer product...."  15 U.S.C.A. § 2308(c) provides further that disclaimers and limitations made in violation of that section are ineffective for purposes of the act and state law. Freeman, *supra*, page 700.

Here, Camping Time may not disclaim or modify any implied warranty because it has adopted Keystone's warranty. The written warranty specifically delivered by Camping Time provided that Camping Time agreed under the terms of the written warranty, to make any needed repairs or adjustments within a reasonable time after [the consumer] delivers the vehicle to [the dealer]. Keystone Warranty.  Plaintiff is  in fact instructed to take the camper to the dealer that sold it to her in order to have defects repaired.

Not only did Camping Time deliver and adopt the warranty, it assumed performance of the manufacturer's warranty by making repairs thereunder.  A seller who purportedly disclaims all warranties but who subsequently assumes performance of the manufacturer's warranty is deemed to have adopted it and is therefore a warrantor. Hyler v. Garner, 548 N.W.2d 864 (Iowa 1996); see also

21

Henderson v. Benson-Hartman Mortors, Inc., 33 Pa. D & C 3d 6, 41 U.C.C. Rep. 782 (Alleghany Cty. 1983)(dealer who transmits manufacturer's warranty to lessee is a supplier prohibited from disclaiming implied warranties under 2308(a)).

## IV. Magnuson Moss Claims remain to the extent express and implied warranties remain above

Plaintiffs agree that Magnuson Moss does not create warranties other than as defined in state law. Magnuson Moss does however prevent any supplier that grants a written warranty from excluding implied warranties.

WHEREFORE, plaintiff prays that the Motions to Dismiss be denied.

LAW OFFICES OF T. MICHAEL FLINN


__/s/ T. Michael Flinn___

402 Tanner Street      T. Michael Flinn

Carrollton, GA 30117     Attorney for Plaintiff

(770) 832-0300       Georgia State Bar No. 264530

22

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 5.1 AND</u>
## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that this document was prepared using

Times New Roman 14 point font, one of the fonts and typeface sizes allowed under

Rule 5.1.

I, the undersigned, further certify that I have this day served a copy of the

foregoing document upon counsel for Plaintiffs via the Electronic Case Filing

System, which automatically sends notice to the following:

**BROWN, READDICK, BUMGARTNER,**
**CARTER, STRICKLAND & WATKINS, LLP**
Matthew J. Grossman, Esq.
Post Office Box 220
Brunswick, GA 31521-0220
(912) 264-8544
(912) 264-9667 Facsimile
Email: mgrossman@brbcsw.com

This _1  day of May, 2017.

LAW OFFICES OF T. MICHAEL FLINN

 _/s/ T.Michael Flinn_____
T. Michael Flinn
Attorney for Plaintiffs
Georgia State Bar No. 264530

 402 Tanner Street
Carrollton, GA 30117
(770) 832-0300